[Cite as *State v. Carney*, 2019-Ohio-1934.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-08-102 |
| | : | O P I N I O N |
| - vs - | | 5/20/2019 |
| | : | |
| ASHLEY J. CARNEY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR33089

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

William F. Oswall, Jr., 119 E. Court Street, Suite 311, Cincinnati, Ohio 45202, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Ashley Carney, appeals from the decision of the Warren County Court of Common Pleas revoking her intervention in lieu of conviction ("ILC") after she was found guilty of violating the terms and conditions of her ILC. For the reasons detailed below, we affirm.

{¶ 2} On July 31, 2017, Carney was indicted on three counts for grand theft, forgery,

and criminal damaging. The charges arose when she presented fraudulent paperwork to Kings Honda in order to obtain a vehicle. While in possession of the vehicle, Carney caused extensive interior damage.

{¶ 3} On March 21, 2018, the trial court granted Carney's request for ILC after she entered a guilty plea to the charges. Therefore, the trial court stayed all further proceedings and placed her under the general supervision of the Warren County Probation Department for three years.

{¶ 4} Shortly thereafter, Carney violated the terms of her ILC by failing to attend scheduled office visits and drug screens. Carney also tested positive for THC when she did present for a drug screen. At a hearing held on May 3, 2018, Carney waived counsel and pled guilty to the violations. The trial court entered a guilty finding, but continued ILC with more restrictive sanctions.

{¶ 5} Carney violated the terms of her ILC several more times in May, June, and July by failing to report for drug testing, testing positive for THC, and leaving the state of Ohio without permission. At a hearing on August 7, 2018, Carney again waived counsel and pled guilty to the violations. The trial court entered another guilty finding, but this time revoked ILC and sentenced her to jail for 180 days. Carney now appeals, raising a single assignment of error for review:

{¶ 6} DEFENDANT-APPELLANT'S CONVICTION MUST BE REVERSED BECAUSE HER WAIVER OF COUNSEL WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 7} In her sole assignment of error, Carney argues that her waiver of counsel at the August 7 hearing was not knowing, voluntary, and intelligent. In so doing, Carney asserts that the trial court did not inform her about the penalties for violating ILC or possible defenses and mitigation that she could have argued. We find Carney's argument lacks merit.

{¶ 8} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975), syllabus; *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 89. However, the Constitution requires that any waiver of the right to counsel be knowing, voluntary, and intelligent. *State v. Johnson*, 12th Dist. Warren No. CA2015-09-086, 2016-Ohio-7266, ¶ 48. To establish an effective waiver of the right to counsel, "the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus.

{¶ 9} "[W]hen a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his * * * right to counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 39. As the Ohio Supreme Court has noted, there is not a "prescribed formula or script to be read to a defendant who states that he elects to proceed without counsel." *Johnson*, 2006-Ohio-6404 at ¶ 101. Rather, "[t]he information a defendant must possess in order to make an intelligent election * * * will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id*. Further, a waiver of the right to counsel should be made "with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses of the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Johnson*, 2016-Ohio-7266 at ¶ 48.

{¶ 10} As this court has previously stated, "the sufficiency of the trial court's inquiry will depend on the totality of the circumstances." *State v. Edmonds*, 12th Dist. Warren No.

- 3 -

CA2014-03-045, 2015-Ohio-2733, ¶ 26. There is no specific list of information a trial court must convey to a defendant. *Id.* at ¶ 26. As long as the totality of the circumstances demonstrates a defendant had sufficient understanding of the case and the consequences of self-representation, a defendant's waiver of counsel will be found to be knowingly, intelligently, and voluntarily made. *Id.* at ¶ 31.

{¶ 11} In the present case, Carney advised the trial court that she did not want to be represented by counsel at the August 7 hearing and that she wished to waive her right to counsel. The trial court explained to her the violations that were charged and that she had the right to counsel and counsel would be appointed if she could not afford to hire an attorney. Before accepting Carney's waiver of counsel, the trial court ensured that she was making the choice to represent herself knowingly, voluntarily, and intelligently. The trial court also confirmed that Carney had read, understood, and signed the written waiver, which stated:

> I hereby acknowledge that I have been advised, in open court, of my right to be represented by a lawyer. I understand that if I am unable to afford an attorney, one will be assigned by the Court at no cost to me.
>
> I have further been advised that by representing myself, I may be hurting my case. I understand the State of Ohio will be represented by an experienced attorney, and I will be held to the same standards as an attorney. I acknowledge I will be required to follow the rules regarding evidence and procedure. My lack of knowledge of evidentiary and procedural matters will not prevent the Court from enforcing those rules and may result in certain issues being waived on appeal. The Court cannot and will not assist me if I have difficulty in presenting my case.
>
> I also understand that the right of self-representation is not a license to abuse the dignity of the courtroom, and if there is a disruption of the trial, my right to represent myself may be vacated. I acknowledge that I will not be able to appeal on the grounds that my self-representation was not effective.
>
> No promises or threats have been made to force me to waive my right to counsel against my will.

> I understand the nature of the charges against me, the possible defenses and the possible penalties that accompany the charges against me.
>
> I acknowledge that I do not suffer from any physical or mental disease or disability that interferes with my ability to represent myself. I am not under the influence of any drugs or alcohol.
>
> By signing this waiver, I knowingly, intelligently and voluntarily waive the right to be represented by an attorney, or to have one assigned to me by the Court.
>
> I wish to go forward in this proceeding without the assistance of an attorney.

{¶ 12} Carney argues on appeal that her waiver was not valid because the trial court "did not specifically tell her that a guilty finding had the potential of a felony conviction; did not tell her that sufficient mitigation could cause the trial court to continue her on intervention status, as opposed to terminating it and entering a finding of guilty; and did not advise her of the potential sentence upon a finding of guilty of the violation, termination of intervention status, and imposition of sentence." However, as noted above, there is not a list of information or a proscribed formula or script that must be provided to a defendant. *Edmonds*, 2015-Ohio-2733 at ¶ 26. Rather, a defendant must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835, quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236 (1942).

{¶ 13} The record further establishes that Carney knew of the issues she now complains of on appeal. Carney was a 30-year-old with a college education who had previously represented herself in the same type of proceeding. On May 3, 2018, Carney waived counsel and represented herself. Just as in the subsequent August 7 hearing, the trial court informed Carney of her right to counsel and she read and signed a written waiver of counsel. Furthermore, when the trial court granted ILC, it specifically informed her of the ILC

program and the consequences for violating the conditions of ILC.  The trial court stated:

> I will accept your plea, but I won't make any finding of guilt on your plea.  Instead, I'm going to place you into our ILC program where you're going to be ordered to comply with rules and undergo treatment.  And so long as you do everything that you're required to do, then the disposition of this case is going to end with no finding of guilt and the case - - and the charges against you would be dismissed.  However, if you break the rules, if you start using illegal drugs or you don't comply with the treatment program that's outlined for you in the assessment, then I will be free to make a finding of guilty, based upon your plea, and sentence you accordingly.

The trial court then explained to her the charges she faced, specifying the charge and degree of offense, along with the maximum penalties for those offenses.

{¶ 14} The trial court also repeatedly advised Carney of the consequences of violating ILC throughout the pendency of this matter.  At a March 27 hearing, the trial court stated "I want you to be successful in this.  I want you to get off ILC, okay? * * * I don't want you to have a felony conviction on your record."  At a July 18 hearing, the trial court stated, "I've been very, very patient with you.  I have revoked ILC for less than what you have done.  I don't want to do that to you.  I want you to walk away from this with no felony conviction.  I think that would be better for you at your age not to have a felony conviction."  The trial court also advised "[t]he alternative is that I revoke your ILC and I sentence you to prison * * *.  Either you follow the rules * * * or you will be convicted and you will be punished.  I will sentence you."  Carney's awareness of the situation was further evidenced during the final August 7 hearing where she acknowledged, "I need this ILC program so that I can make better of myself, make something of myself.  With a felony on my record, I'm definitely - - I'm going to be held back."

{¶ 15} Following review of the record, we find that the trial court reasonably determined Carney had sufficient understanding of the case and the consequences of self-representation to make her waiver of counsel voluntary, knowing, and intelligent.  As a result,

- 6 -

Carney's sole assignment of error is overruled.

**{¶ 16}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.